# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ORLANDO LEBRON,

           Plaintiff,

     -vs-                                      Case No. 11-CV-753

ROXANNE KLARKOWSKI,
NURSE PATRICE HUTZLER,
NURSE KELLY DEGROOT,
and CORPORAL VOSTER,

           Defendants.

# ORDER

        The plaintiff, a current inmate at the Fox Lake Correctional Institution, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He was confined at the Brown County Jail ("Jail") at all times relevant and is proceeding *in forma pauperis* on claims related to alleged violations of his constitutional rights under the Eighth and Fourteenth Amendments. The plaintiff has filed a motion for a temporary restraining order which will be addressed herein.[1]

        The plaintiff alleges that from May 6, 2011, when he entered the Jail, until May 31, 2011, he was denied the prescribed insulin he had upon entering the Jail. During the first week, in which he was not given any insulin, his blood sugar levels rose dramatically. Then,

---

[1] The plaintiff filed an identical motion under *Lebron v. Brown County Jail*, Case No. 11-CV-806 (E.D. Wis.).

during the second week, in which he was given the wrong type of medication, his blood sugar levels fluctuated out of control. The plaintiff also alleges that despite his insistence on being allergic to wool, he was given a wool blanket and told that no other types of blankets were available. The plaintiff later discovered that the Jail had cotton blankets available for inmates' use. In addition, the plaintiff alleges that his weight dropped from 154 to 131 pounds between May 6 and May 24, 2011, due to the defendants' failure to provide him with extra food as required for his eating condition. The plaintiff further claims that he was retaliated against by defendants at the Jail.

The plaintiff contends that his motion for a temporary restraining order should be granted because: (1) he was given incorrect medication by medical staff, (2) he was placed in temporary lockup for having copies of Wisconsin statutes in his cell, and (3) his legal paperwork was lost while he was being transported to the Fox Lake Correctional Institution. He does not specifically state what injunctive relief he seeks. The defendants did not file a response to the plaintiff's motion.

For a temporary restraining order to be issued, the moving party has the burden of showing that there is: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the movant satisfies the initial three-step burden, the court must then balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is

denied. *Id.* The court must also consider the effect of the injunction on nonparties. *Id.*

As indicated, it is unclear as to what relief the plaintiff is seeking in his motion for a temporary restraining order. Further, the plaintiff is no longer at the Jail where the defendants are located. As such, the plaintiff cannot proceed with his motion for a temporary restraining order. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("When a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, becomes moot"). For each of these reasons, the plaintiff's motion for a temporary restraining order is denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a temporary restraining order (Docket # 27) is **denied**.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2012.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**

3